23-7117-cr
*United States v. Thomas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
>   SUSAN L. CARNEY,
>   JOSEPH F. BIANCO,
>   WILLIAM J. NARDINI,
>       *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>       *Appellee*,

>   v.                                                          23-7117-cr

FELIX PARRILLA, a/k/a Sealed Defendant 1, a/k/a Lito, KIRK TANGYUK, a/k/a Sealed Defendant 3,

>       *Defendants*,

GARY THOMAS, a/k/a Sealed Defendant 2,

>       *Defendant-Appellant*.

---

FOR APPELLEE:                          BRANDON C. THOMPSON, Assistant United States Attorney (Jacob R. Fiddelman, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States

Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on August 31, 2023, is **AFFIRMED**.

Defendant-Appellant Gary Thomas appeals from the district court's order denying his motion for compassionate release, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Thomas was convicted, after trial, of one count of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The conviction arose from Thomas's participation, with his co-conspirators, in the transportation of 80 kilograms of cocaine in a shipping container, in September 2012, from St. Croix, U.S. Virgin Islands, to Florida. On January 7, 2015, the district court sentenced Thomas principally to 216 months' imprisonment, which was below the advisory range of 235 to 293 months' imprisonment under the United States Sentencing Guidelines. In arriving at that sentence, the district court explained that Thomas "was no minor participant in th[e] conspiracy," but rather had "recruited others . . . to participate, directed and supervised activity, and . . . was personally involved in the importation of the cocaine." Dist. Ct. Dkt. No. 300, at 30–31. The district court

2

further noted that "it was greed and greed alone that drove Mr. Thomas to engage in this dangerous and illegal conduct," given that he "had means, a successful business, family support, [and] resources." *Id*. at 31.

On September 30, 2020, while serving his sentence, Thomas moved *pro se* for compassionate release pursuant to Section 3582(c)(1)(A). Thomas argued that the COVID-19 pandemic, combined with his various health conditions, constituted extraordinary and compelling reasons warranting a reduction in sentence to time served and release to home confinement. Thomas further asserted that he did not pose a danger to the community and that the various factors, pursuant to 18 U.S.C. § 3553(a), weighed in favor of release.

On September 8, 2021, the district court denied the motion. *See generally United States v. Thomas*, No. 13-cr-360 (AJN), 2021 WL 4095257 (S.D.N.Y. Sept. 8, 2021). In particular, although the district court accepted as undisputed that "Mr. Thomas's diagnosed type 2 diabetes, in the context of the COVID-19 pandemic, satisfies the threshold extraordinary-and-compelling inquiry," it concluded that "a sentence reduction would be inconsistent with the factors in § 3553(a)." *Id.* at *1–2. First, with respect to the nature of the offense and Thomas's history and characteristics, the district court explained:

> As the Court stated at sentencing, Mr. Thomas was convicted of a very serious offense. He played a lead role in a conspiracy to ship 80 kilograms of cocaine worth millions of dollars into the United States, and supervised the operation and recruited others. And he did so out of greed, even as he owned a legitimate and successful business. These facts weigh heavily against granting relief. Since he has been incarcerated, Mr. Thomas has incurred two disciplinary infractions, including for possession of a contraband cellphone, which raises doubts about Mr. Thomas's rehabilitation. Relevant, too, is that Mr. Thomas has never formally accepted responsibility for his crimes and continues to this day to dispute his guilt.

*Id.* at *2 (internal quotation marks and citations omitted). Moreover, the district court, *inter alia*,

3

"consider[ed] whether releasing [Thomas] would 'reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment,' and 'afford adequate deterrence to criminal conduct.'" *Id*. (quoting 18 U.S.C. § 3553(a)(2)(A), (B)). More specifically, the district court noted that "Mr. Thomas has served approximately 84 months of his 216-month sentence, which, even assuming he collects good-time credits, means Mr. Thomas has served well under half his custodial sentence," and "[g]ranting him release now, even to serve home confinement, therefore would undermine the goals of sentencing." *Id*. (internal quotation marks and citation omitted). In addition, as to "'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,'" *id*. (quoting 18 U.S.C. § 3553(a)(6)), the district court explained that "[n]either of Mr. Thomas's codefendants have yet been released, meaning that an early release would create an arbitrary disparity." *Id.*

On June 21, 2023, Thomas moved again *pro se* for compassionate release under Section 3582(c)(1)(A). In that motion, Thomas argued that extraordinary and compelling reasons existed for his release because: (1) COVID-19 and its variants posed a serious risk to his health and (2) his family members were in poor health and needed his care. Thomas also asserted that the Section 3553(a) factors supported his compassionate release, including because of his rehabilitation and the fact that he now "regrets not accepting responsibility for his actions from the very beginning" and "apologizes to the Court and the United States." App'x at 83.

On August 31, 2023, the district court denied Thomas's second motion. *See generally United States v. Thomas*, No. 13-cr-360 (AJN), 2023 WL 5628731 (S.D.N.Y. Aug. 31, 2023). In doing so, the district court assumed, for purposes of the motion, that Thomas demonstrated that there were extraordinary and compelling circumstances for release. *Id*. at *2. Even with that

4

assumption, however, the district court concluded that the Section 3553(a) factors did not support release. The district court noted that its "evaluation of the § 3553(a) factors remains similar to the evaluation in its prior opinion denying Mr. Thomas's first motion for compassionate release," and then explained why:

> In the present motion, Mr. Thomas highlights his rehabilitation, his acceptance of responsibility for his crimes, and his desire to return to St. Croix to serve his community as factors that warrant his early release. Mr. Thomas's efforts at rehabilitation are commendable as a general matter. While incarcerated, he has maintained employment and taken the initiative to complete numerous vocational training and adult educational classes. The Court also commends Mr. Thomas's desire to return home to St. Croix to assist his family and his community. Moreover, the Court notes that Mr. Thomas now appears to take some responsibility for his crimes of conviction. But these are only a few of the many factors under § 3553(a) that the Court must consider. As this Court explained during sentencing, Mr. Thomas was convicted of a very serious offense. He played a lead role, supervising and recruiting others, in a conspiracy to traffic 80 kilograms of cocaine worth millions of dollars into the United States. A reduction in Mr. Thomas's below-guidelines sentence would not adequately reflect the seriousness of the offense, protect the public, or afford adequate deterrence. On balance, the Court finds that the § 3553(a) factors counsel against granting Mr. Thomas's motion.

*Id*. at *2 (internal quotation marks and citations omitted). Thomas, now represented by counsel, appeals that order.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks and citation omitted).

5

As amended by the First Step Act, Section 3582(c)(1)(A) provides that a district court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). Thus, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

Because a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks and citation omitted), we need not address whether Thomas's circumstances provided an extraordinary and compelling reason for early release. Instead, we conclude that the district court was well within its discretion to find that, even assuming *arguendo* that Thomas had demonstrated extraordinary and compelling circumstances, a weighing of the applicable Section 3553(a) factors did not support his release.

Thomas argues that the district court abused its discretion because it "essentially adopted wholesale the analysis it had used for Mr. Thomas's first motion, despite the new evidence he submitted." Appellant's Br. at 12. That argument, however, is contradicted by the record. As noted *supra*, although the district court referenced its prior evaluation of the Section 3553(a)

6

factors in denying the first compassionate release motion, it made clear that it was evaluating those factors anew in light of the additional mitigating information supplied by Thomas in his second motion. *See Thomas*, 2023 WL 5628731, at *2. Indeed, the district court even referenced in its decision various aspects of the new mitigation evidence upon which Thomas was relying and then explained why such evidence did not alter its prior determination that early release was unwarranted under the Section 3553(a) factors. *See id.*

To the extent Thomas also suggests that the district court procedurally erred by failing to explicitly consider each one of his arguments and address each fact he offered in mitigation, as well as by failing to address each Section 3553(a) factor individually, we disagree. The Supreme Court has emphasized that the First Step Act does not "require a district court to make a point-by-point rebuttal of the parties' arguments." *Concepcion v. United States*, 597 U.S. 481, 502 (2022). Here, there is no basis in the record to conclude that the district court failed to consider Thomas's arguments in mitigation, especially where it referenced much of the mitigating evidence in its decision. Nor is there any indication that it failed to assess the various Section 3553(a) factors as applied to the motion. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam) ("We cannot assume a failure of consideration [of a Section 3553(a) factor] simply because a district court failed to discuss a given factor [in denying a compassionate release motion]." (alteration adopted) (internal quotation marks and citation omitted)); *see also United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020) (explaining that a reviewing court "presumes that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise"). Indeed, the district court explicitly considered "his rehabilitation, his acceptance of responsibility for his crimes, and his desire to return to St. Croix to serve his

7

community as factors that warrant his early release" under the Section 3553(a) factors, but then explained that there are other factors the court must consider, and that "[a] reduction in Mr. Thomas's below-guidelines sentence would not adequately reflect the seriousness of the offense, protect the public, or afford adequate deterrence." *Thomas*, 2023 WL 5628731, at *2; *see also Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

Finally, Thomas asserts that the district court abused its discretion by placing too much weight on the severity of the crime in evaluating his mitigating evidence under the Section 3553(a) factors. However, Thomas's disagreement with the district court's balancing of the Section 3553(a) factors in denying his motion provides no basis to disturb the district court's proper exercise of its discretion. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.") (internal quotation marks and citation omitted)).

In sum, we discern no procedural error in the district court's consideration of the mitigating evidence and balancing of the Section 3553(a) factors and conclude that the district court did not abuse its discretion in denying Thomas's compassionate release motion.

\*　　　　　　\*　　　　　　\*

8

We have considered Thomas's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9